UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DR. ALEXANDER MACGREGOR,

       Plaintiff,

  -v-                                                                 No. 17- CV-6691-LTS-KHP

MILOST GLOBAL, INC., and MILOST
ADVISORS, LLC,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Plaintiff Alexander MacGregor ("MacGregor") brings this action against Defendants Milost Global, Inc. ("Global"), and Milost Advisors, LLC ("Advisors"), seeking declaratory relief and damages in connection with common-law breach of contract, conversion, and unjust enrichment claims. Global and Advisors now move, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6), to dismiss Plaintiff's Amended Complaint (docket entry no. 37, the "AC") for lack of standing, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. (Docket entry no. 38.) The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Court has reviewed thoroughly all of the parties' submissions and arguments and, for the following reasons, Defendants' motion is granted in part and denied in part.

BACKGROUND

The following recitation of relevant facts is drawn from the AC, the well-pleaded factual content of which is taken as true for purposes of the instant motion practice.

Plaintiff is a Canadian resident who served from December 23, 2015, to January 27, 2017, as President and CEO of a company called KGIC Inc. (AC ¶ 21.) Advisors is a New York corporation that was dissolved on May 1, 2017. (AC ¶ 9.) Global is a private equity firm that allegedly conducts business from 48 Wall St., 11th Floor, New York, NY 10005. (AC ¶ 13.) In August 2016, Defendants[1] contacted Plaintiff at KGIC with a proposal to provide funding through a friendly take-over bid. (AC ¶ 25.) Plaintiff alleges that he and KGIC entered into a Milost Equity and Subscription Agreement ("MESA") with Defendants on October 30, 2016. (AC ¶¶ 29, 31.) Under the MESA, Defendants were to research and locate a shell company, conduct an audit, and to purchase the shell company on behalf of Plaintiff with funds provided by Plaintiff. (AC ¶ 33.) Plaintiff alleges that, pursuant to the MESA, he was to be the sole owner of the shell company, and he was to have "total control" over the company. (AC ¶ 36.) Plaintiff alleges that he paid Advisors $410,000.00 to acquire the shell company, and that Global purchased the shell company, named Milost Acquisition Corp. ("MAC"), on December 1, 2016. (AC ¶¶ 42, 49, 75.) Plaintiff avers that MAC is not publicly traded and that, although Plaintiff owns some shares of MAC, Defendants and their officers retain control of the shell company. (AC ¶¶ 57, 64, 79, 99.) As a result, Plaintiff asserts, Defendants have not performed all of the

---

[1] Throughout the AC, Plaintiff refers to "Milost," which the AC defines as a collective reference to both Global and Advisors. (See AC ¶ 20.) Thus, unless otherwise specified, the Court interprets all references to "Milost" in the AC as a reference to both Global and Advisors.

duties assigned to them under the MESA. (AC ¶ 82.) Plaintiff seeks damages, declaratory and directive relief. (AC at 11.)

DISCUSSION

Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue that Plaintiff lacks standing to bring suit, and move to dismiss the AC pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In resolving a Rule 12(b)(1) motion to dismiss an action for lack of standing, the Court construes the AC in Plaintiff's favor and accepts as true all material factual allegations contained therein. Donoghue v. Bulldog Inv. Gen. P'ship, 696 F.3d 170, 173 (2d Cir. 2010). To demonstrate constitutional standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Where a defendant challenges the court's subject matter jurisdiction, "the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings." Flores v. S. Peru Copper Corp., 414 F.3d 233, 255 n. 30 (2d Cir. 2003) (internal citations and quotations omitted).

Here, Plaintiff has alleged that Defendants breached the MESA by failing to provide Plaintiff with a publicly traded shell company controlled by Plaintiff, and that Defendants' breach caused a financial injury that can be redressed through damages. (See AC ¶¶ 76-83.) Defendants argue that Plaintiff lacks standing because the allegations in the AC demonstrate that Plaintiff was not injured because he received complete performance under the MESA. (Docket entry no. 39, Def. Br. at 7.) However, the paragraphs cited by Defendants only

allege that certain shares of MAC were transferred to Plaintiff, and they do not controvert the core of Plaintiff's breach of contract claim, which is based on Defendants' failure to transfer to Plaintiff a publicly traded shell company over which he has complete control.  (Compare AC ¶¶ 64, 99 with ¶¶ 77, 79.)

Defendants also claim that, even if Plaintiff has adequately alleged an injury in fact, Plaintiff's alleged injury is not traceable to Global because Global had no relationship with Plaintiff.  (Def. Br. at 10.)  In connection with this argument, Defendants cite the declaration of Bernard Yaw, the President and Chief Operating Officer of a Delaware corporation, also called Milost Global Inc., that operates at 48 Wall St., 11th Floor, New York, NY 10005, the address where Defendant Global is located, but which was formed on August 14, 2017 ("Delaware Global").  (Docket entry no. 43, Yaw Decl. ¶¶ 2, 4.)  Defendants argue that Plaintiff's injury cannot be traced to Delaware Global, because Delaware Global did not exist during the time of the alleged conduct and did not assume the assets or liabilities of any other entities.  (Def. Br. at 10; Yaw Decl. ¶ 3, Ex A.)  The AC does not distinguish between Global and Delaware Global, nor does it attach a copy of the MESA from which the Court can discern additional information regarding the identity of the parties to the agreement.  The statements in the Yaw Declaration regarding Delaware Global's formation date do not directly rebut Plaintiff's allegation that it entered into an agreement dated October 30, 2016, with an entity named Milost Global Inc. that conducts business from an address at 48 Wall St., 11th Floor, New York, NY 10005, because it is plausible that the MESA was entered into before a certificate of incorporation was filed.  To the extent that Defendants argue that Delaware Global was never a party to the MESA, their argument is directed to the merits of Plaintiff's breach of contract claim, and is not properly resolved at this stage.  See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1189 (2d

Cir. 1996) ("[I]n cases where the asserted basis for subject matter jurisdiction is also an element of the plaintiff's [] cause of action, we ask only whether—on its face—the complaint is drawn so as to seek recovery under [the relevant law]. If so, then we assume or find a sufficient basis for jurisdiction, and reserve further scrutiny for an inquiry on the merits."); Davis v. Wells Fargo, 824 F.3d 333, 348 (3d Cir. 2016) ("Although standing and merits questions may involve overlapping facts, standing is generally an inquiry about the plaintiff: is this the right person to bring this claim.").

Finally, Defendants argue that Plaintiff lacks standing to assert a breach of contract claim because Plaintiff was never personally a party to the MESA. In connection with this argument, Defendants proffer two contracts which they claim govern the agreement between the parties and frame the events that gave rise to the claims asserted in the AC. (See docket entry no. 40, Choate Decl. Ex. A; docket entry no. 41, Forster Decl. Ex. D.) The first contract is an engagement letter dated November 1, 2016, between Learning Resources Network Inc. and Milost Advisors. (Choate Decl. Ex. A.) The second contract is a Milost Equity Subscription Agreement dated November 16, 2016, between Milost Global Inc. and M&M Education Limited. (Forster Decl. Ex. D.) These contracts were formed on different dates, between different parties, and on different terms than the alleged MESA, which was entered into on October 30, 2016, among Plaintiff, KGIC, Advisors, and Global. (See AC ¶¶ 29, 31.) Thus, the Court cannot determine at this stage whether either of the two contracts proffered by Defendants is the same as the MESA described in the AC, or that one or both of these contracts governs Plaintiff's breach of contract claim. Because the Court has not been provided with a copy of the MESA as described in the AC, and because Plaintiff alleges he is a party to that MESA (see AC ¶ 29), the

Court construes the AC in Plaintiff's favor and concludes that Plaintiff has standing to assert a breach of contract claim based on the MESA described in the AC.[2]

Because the facts alleged in the AC are sufficient to plausibly allege a breach of contract claim based on an agreement between Plaintiff and an entity named Milost Global Inc., among others, the Court finds that, at this stage, Plaintiff has standing to bring this action. Defendants' motion is therefore denied to the extent it seeks dismissal of the AC for lack of subject matter jurisdiction.

Motion to Dismiss for Insufficient Process

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) "concerns the form of the process rather than the manner or method of its service." Jackson v. City of New York, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)). Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of [Federal Rule of Civil Procedure 4(a)] or any applicable provision incorporated by Rule 4[(a)] that deals specifically with the content of the summons." Id. Relying on Robinson v. City of Buffalo, 2017 WL 2021528, at *3 (W.D.N.Y. May 12, 2017), Defendants argue that the summonses issued by Plaintiff were insufficient because they did not name "all parties." (Def. Br. at 4.) The Court finds that the summonses served by Plaintiff comply with the requirements of Rule 4(a).

---

[2] Plaintiff does not address the contracts proffered by Defendants or the distinction between Global and Delaware Global in his opposition brief, arguing instead that Global and Advisors are alter egos of one another. Because the allegations in the AC are sufficient at this stage to alleged plausibly that Plaintiff entered into an agreement with a relevant Milost entity, the Court does not consider Plaintiff's conclusory assertion that Advisors and Global are alter egos of one another.

Unlike the summonses in Robinson, the summonses issued here bear the correct case number, are signed by the Clerk of Court for the Southern District of New York and, among other things, contain the name of the court, the name of the plaintiff, and the name of the defendant being served. (See docket entry no. 42, Hinton Decl. Exs. A, B.) Contrary to Defendants' assertion, Rule 4(a) does not require that all named defendants, rather than just the defendant being served, be listed on every summons. Therefore, Defendants' motion is denied to the extent it seeks dismissal of the AC pursuant to Rule 12(b)(4).

Motion to Dismiss for Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) permits a party to move for dismissal of a complaint due to insufficient service of process. "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (internal quotations omitted). In deciding a Rule 12(b)(5) motion, a Court must "look to Rule 4, which governs the content, issuance, and service of a summons." DeLuca v. Access IT Group, Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Rule 4 provides, in pertinent part, that a corporation may be served in the United States by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). In considering a motion to dismiss pursuant to Rule 12(b)(5), a court may look to materials outside the complaint. Mende, 269 F. Supp. 2d at 251.

Defendants argue that Plaintiff's service on Advisors was improper because Advisors was dissolved on May 1, 2017, and because Plaintiff served an individual named Jerry

Choate, who resigned from his position as Chief Executive Officer of Advisors on February 17, 2017, and thus was not authorized to receive service when he was served on September 13, 2017. (See Def. Br. at 6-7; Choate Decl. ¶¶ 3, 8, 12, Ex. B.)  Plaintiff does not contest that Choate was no longer an officer of Advisors at the time he was served, and seeks an extension of time to properly serve Advisors pursuant to Federal Rule of Civil Procedure 4(m).  Although dissolved corporations may be served under New York law, see N.Y. Bus. Corp. Law. § 1006(a)(4), the Court finds that service on Advisors was improper because Choate was not an officer or otherwise authorized to receive service on behalf of Advisors at the time he was served.

Under Rule 4(m), "if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period."  See Fed. R. Civ. P. 4(m).  "The following two factors are relevant in a [c]ourt's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay."  Husowitz v. Am. Postal Workers Union, 190 F.R.D. 53, 57 (E.D.N.Y. 1999).  The Court finds that there is good cause to extend Plaintiff's time to serve Advisors.  Based on the parties' submissions, it does not appear that Plaintiff was aware of Choate's resignation from Advisors, and there is no evidence that service upon Choate was made in bad faith.  Defendants will not be unduly prejudiced by the granting of an extension of time to serve Advisors, as both are clearly aware of the litigation and have been actively defending the case.  Thus, Advisors' motion to dismiss pursuant to Rule 12(b)(5) is granted without prejudice, and Plaintiff is permitted an additional 45 days from the date this Memorandum Opinion and Order is entered to effect proper service on an authorized agent of Advisors.

Motion to Dismiss for Failure to State a Claim

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Under the Rule 12(b)(6) standard, the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).[3] The Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Shaar Fund. Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

1. Breach of Contract (Count 1)

"To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996). Here, Plaintiff has adequately pleaded a breach of contract claim. The AC alleges that Plaintiff entered into an agreement with Defendants (AC ¶¶ 29-36, 77), that Plaintiff performed under the terms of that agreement by providing payments to Defendants (AC ¶¶ 37-42, 78), that Defendants breached the agreement by failing to deliver to

---

[3] Defendants assert that Plaintiff's claims sound in fraud, and should therefore meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). Although the AC alleges that Defendants made certain omissions and misrepresentations, Plaintiff's claims are not based on those alleged omissions and misrepresentations. (See AC ¶¶ 76-97.) Instead, Plaintiff's claims are based on Defendants' failure to deliver a publicly traded shell company over which Plaintiff has total control. Therefore, Plaintiff's claims are not subject to the pleading particularity requirement of Rule 9(b).

Plaintiff a publicly traded company and to transfer total ownership of the company to Plaintiff (AC ¶¶ 57, 79-80), and damages (AC ¶¶ 42, 83).

Defendants argue that Plaintiff has not stated a claim for breach of contract for substantially the same reasons that they argue that Plaintiff lacks standing to bring the same claim. Specifically, Defendants argue that Plaintiff cannot maintain a cause of action for breach of contract because neither Plaintiff nor Delaware Global was a party to either of the two contracts that Defendants assert give rise to Plaintiff's claims, and because Delaware Global had not been incorporated at the time of the events alleged in the AC. Defendants' arguments are unavailing because, as explained above, the contracts provided by Defendants differ in significant ways from the alleged MESA, and thus cannot fairly be considered "documents incorporated into the complaint by reference." ATSI, 493 F.3d at 98. The same is true of extrinsic evidence regarding Delaware Global's date of incorporation. Without a copy of the MESA, the Court construes Plaintiff's allegations in the AC in the light most favorable to the Plaintiff, and concludes that Plaintiff has pled sufficient facts to state a claim for breach of contract at this stage. Therefore, Defendant's motion is denied to the extent it seeks dismissal of Plaintiff's breach of contract claim.

2. Conversion (Count 2)

Under New York law, tort "causes of action . . . based on the same facts as the cause of action to recover damages for breach of contract" should be dismissed as duplicative of the contract claim. Edem v. Grandbelle Int'l, Inc., 118 A.D.3d 848, 849 (N.Y. App. Div. 2d Dep't 2014). The facts underlying Plaintiff's conversion claim are identical to those alleged in support of his breach of contract claim. In connection with both claims, Plaintiff seeks

repayment of over $400,000 which he alleges he paid for a shell company that did not satisfy the requirements of the parties' agreement.  (Compare AC ¶¶ 79-83 with ¶¶ 86, 88-89.)  Because Plaintiff's conversion claims are duplicative of, and arise out of the same subject matter as, his breach of contract claim, Defendants' motion is granted to the extent it seeks dismissal of Plaintiff's conversion claim.

   3.  Unjust Enrichment (Count 3)

Unjust enrichment is a quasi-contractual remedy whereby a court may "infer the existence of an implied contract to prevent one person who has obtained a benefit from another . . . from unjustly enriching himself at the other party's expense."  Lightfoot v. Union Carbide Corp., 110 F.3d 898, 905 (2d Cir. 1997) (internal quotations and citation omitted).  "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."  Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 388 (1987).  Because Plaintiff's unjust enrichment claim is also based on Defendants' failure to provide a publicly traded shell company as required by the MESA (see AC ¶¶ 91-96), Plaintiff cannot recover under an unjust enrichment theory.  Therefore, Defendants' motion to dismiss is granted to the extent it seeks dismissal of Plaintiff's unjust enrichment claim.

   4.  Declaratory Judgment (Count 4)

Plaintiff seeks declaratory relief that, in effect, removes Defendants' officers from the MAC Board of Directors, installs Plaintiff as the sole owner and Board member of MAC, and directs Defendants to bear any costs related to the transfer of ownership to Plaintiff.  (See AC ¶¶

101-103.) Defendants argue, among other things, that they no longer have authority over MAC, and that the relief sought is within the domain of Plaintiff's breach of contract claim. (Def. Br. 19-21.) Plaintiff's claim appears to seek to compel Defendants' performance of their obligations under the MESA, however it is unclear from the AC whether the relief sought is independent of Plaintiff's breach of contract claim, or whether it is an alternative to damages for the breach of contract claim. A request for relief in the form of a declaratory judgment does not provide an independent cause of action. In re Joint Eastern and Southern Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993). To the extent that Plaintiff's claim for declaratory relief is pled as a standalone cause of action, it must be dismissed. Thus, Defendants' motion is granted insofar as it seeks dismissal of Plaintiff's claim for declaratory relief, without prejudice to proper pleading in connection with Plaintiff's breach of contract claim.

5. Punitive Damages and Attorney's Fees

Defendants also seek dismissal of the AC insofar as it seeks punitive damages and attorney's fees. Plaintiff does not contest or otherwise address this aspect of Defendants' motion. "The general rule in New York is that punitive damages are not available in breach of contract actions, even where the breach is malicious or intentional." Bruen v. Savage, 1994 WL 97111, at *1 (S.D.N.Y. Mar. 23, 1994). In addition, "attorneys' fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule." Hooper Assocs., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491 (1989). Because Plaintiff has not alleged that the MESA or any other statute or court rule entitles him to attorney's fees, his claims for punitive damages and attorney's fees are dismissed.

Defendants' Claims on Behalf of California Global

Defendants argue that the facts alleged in the AC implicate a different Milost Global Inc., which is incorporated in California and operates from an address at 601 S. Figueroa St., Suite 4050, Los Angeles, CA 90017 ("California Global"). (Def. Br. at 21; Forster Decl. ¶¶ 2, 5.) Citing to the Declaration of California Global Chairman Egerton Forster, Defendants argue that California Global is unaffiliated with Advisors, Global, and Delaware Global, and has not been properly named as a defendant in this action. (Def. Br. at 21; Forster Decl. ¶¶ 5-7.) Defendants separately present California Global's arguments for dismissal of Plaintiff's claims. (Def. Br. at 21-25.) In response, Plaintiff cites to a webpage for Milost Global Inc. that lists addresses in both California and New York, and argues that California Global and Delaware Global are "undifferentiated satellites of the same company." (Docket entry no. 49 at 4.) Because the AC on its face does not assert claims against a Milost Global Inc. that operates from 601 S. Figueroa St., Suite 4050, Los Angeles, CA 90017, the Court declines to address California Global's arguments for dismissal at this time.

CONCLUSION

For the foregoing reasons, Defendants' motion is denied insofar as it seeks dismissal of the AC for lack of subject matter jurisdiction and insufficient process. Defendant Advisor's motion to dismiss the AC for insufficient service of process is granted without prejudice, and Plaintiff is hereby granted an additional 45 days from the date of entry of this Memorandum Opinion and Order to effect proper service on an authorized agent of Advisors. Defendants' motion is denied insofar as it seeks dismissal of the AC for failure to state a claim with respect to Plaintiff's breach of contract claim, and is granted to the extent that it seeks

dismissal of Plaintiff's claims for conversion, unjust enrichment, declaratory judgment, punitive damages, and attorneys' fees.  Plaintiff's claim for declaratory relief is dismissed without prejudice to proper pleading in connection with Plaintiff's breach of contract claim.  This Memorandum Opinion and Order resolves docket entry no. 38.

This case remains referred to Magistrate Judge Parker for general pre-trial management.


SO ORDERED.

Dated: New York, New York
August 22, 2018

<u>/s/ Laura Taylor Swain</u>
LAURA TAYLOR SWAIN
United States District Judge