UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DR. ALEXANDER MACGREGOR,

       Plaintiff,

  -v-                                                                         No.  17-CV-6691-LTS-KHP

MILOST GLOBAL, INC., and MILOST
ADVISORS, LLC,

       Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

       Plaintiff Alexander MacGregor brings this action for breach of contract against Defendants Milost Global, Inc. and Milost Advisors, LLC.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  On August 22, 2018, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's Amended Complaint (docket entry no. 37, the "AC").  (Docket entry no. 73.)  On January 28, 2019, Plaintiff filed a motion seeking leave to file a proposed Second Amended Complaint (docket entry no. 102-1, the "SAC"). (Docket entry no. 100.)  On April 19, 2019, Magistrate Judge Parker issued a Report and Recommendation which recommends that Plaintiff's motion for leave to amend be denied and the action dismissed with prejudice.  (Docket entry no. 110, the "Report.")  Specifically, the Report concludes that leave to amend should not be granted in light of Plaintiff's bad faith in seeking to file an amended pleading containing factual allegations that directly contradict the AC where Plaintiff had firsthand knowledge of the new facts, was advised of their relevance to the

issues raised in Defendants' motion to dismiss, and nevertheless failed to disclose those facts until after the Court and the parties had expended significant resources on motion practice addressing factual assertions that Plaintiff knew were incorrect.  (Report at 12-14.)  In addition, the Report concludes that, in light of the new facts alleged in the SAC, Plaintiff lacks standing to assert the claim pleaded in the AC and cannot remedy this jurisdictional defect through an amendment that substitutes in new parties with new claims.  (Report at 14-16.)  Plaintiff filed an Objection to the Report on May 3, 2019.  (Docket entry no. 111, the "Objection.")  No response to the Objection has been filed.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (LexisNexis 2017).  The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.  Pearson-Fraser v. Bell Atl., 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

Plaintiff's Objection raises two principal arguments.  First, Plaintiff contends that the Report incorrectly applied the "permissive standard with regard to amendment in the interests of justice."  (Objection at 2.)  Citing Williams v. Citigroup Inc., 659 F.3d 208 (2d Cir. 2011), Plaintiff asks the Court to "weigh the interests of finality against those of justice being served by a final determination on the merits."  (Id.)  The Court has reviewed the Report and finds no error in its application of Federal Rule of Civil Procedure 15 standard.  The Report correctly observes that "leave to amend should be given absent evidence of undue delay, bad faith or dilatory

motive on the part of the movant, undue prejudice to the opposing party, or futility." (Report at 8.) Plaintiff does not explain how the Report incorrectly applied the Rule 15 standard, nor does he take issue with the Report's findings of bad faith and lack of standing. To the extent that Plaintiff relies upon the Second Circuit's decision in Williams, the Court finds that case inapposite. In Williams, the Second Circuit held that the district court erred in denying a post-judgment motion for leave to replead simply because the plaintiff had "failed to request an opportunity to replead in the first instance." 659 F.3d at 214. The Second Circuit noted that it would be inconsistent with "the liberal spirit of Rule 15" to deny the plaintiff an opportunity to seek leave to replead as soon as a final judgment is entered. Id. Unlike in Williams, however, judgment has not yet been entered in this case, and the Report recommends that Plaintiff's motion for leave to amend the AC be denied due to Plaintiff's bad faith, not because of his failure to make a timely motion under Rule 15. Accordingly, Plaintiff's Objection is overruled to the extent that he contends that the Report improperly applied the Rule 15 standard in evaluating his motion for leave to file the SAC.

Plaintiff next argues that, even if the Court were to adopt the Report and its recommended disposition, the Court should "specify that [its decision] . . . lacks a preclusive effect as to the new claims" asserted by certain new plaintiff entities named in the SAC. (Objection at 4.) To the extent that Plaintiff seeks an advisory opinion as to the effect of this Memorandum Order on the viability of claims asserted by non-party entities in future litigation, the Court declines to render such an opinion. As explained in the Report, because Plaintiff lacks standing to bring the claim asserted in the AC, the Court must dismiss this action for lack of subject matter jurisdiction.

Accordingly, and for substantially the reasons set forth in Judge Parker's Report, the Court overrules Plaintiff's Objection in its entirety and adopts Judge Parker's Report insofar as it recommends that Plaintiff's motion for leave to amend be denied and the action be dismissed for lack of subject matter jurisdiction. This Memorandum Order resolves docket entry no. 100. The Clerk of Court is respectfully requested to enter judgment dismissing the Amended Complaint for lack of subject matter jurisdiction and to close this case.

    SO ORDERED.

Dated: New York, New York
       July 1, 2019

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        United States District Judge